UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| COLETTE D. JACKSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE HEALTH AND HOSPITAL )<br>CORPORATION OF MARION COUNTY, )<br>d/b/a ESKENAZI HEALTH, )<br>)<br>Defendant. )<br>_____)<br>)<br>THE HEALTH AND HOSPITAL )<br>CORPORATION OF MARION COUNTY, )<br>d/b/a ESKENAZI HEALTH, )<br>)<br>Counterclaim Plaintiff, )<br>)<br>v. )<br>)<br>COLETTE D. JACKSON, )<br>)<br>Counterclaim Defendant. )<br>_____) | CAUSE  NO:  1:16-cv-03072-RLY-MJD |

**DEFENDANT'S PRELIMINARY WITNESS AND EXHIBIT LISTS**

In accordance with the Court's Case Management Order, Defendant The Health and Hospital Corporation of Marion County d/b/a/ Eskenazi Health, by counsel, submits its Preliminary Witness and Exhibit Lists.

**PRELIMINARY WITNESS LIST**

1. Plaintiff, Colette D. Jackson

2. Gina Arnett Thompson

3. Jessica Barth

4. Julie Conrad

5. Mark Swearingen

6. Kayla Bullock

7. Darcy Ireland

8. Gail Jenkins

9. Mary Bazan

10. Kathy Young

11. Terri Garner

12. Anna Kirkman

13. Joi Clark

14. Chala Fox

15. Frank Nevers

16. Joe Zielinski

17. Sherri Umbaugh

18. Jon Spadorcia

19. Charise Frazier

20. Representatives of former employers listed on Plaintiff's employment application submitted to Defendant.

21. Any person listed as a reference on Plaintiff's employment application submitted to Defendant.

22. Any other as yet unidentified persons who are determined to have relevant knowledge of the matters alleged in Plaintiff's Amended Complaint and/or Defendant's Counterclaims, including but not limited to individuals from credentialing and/or licensing

authorities to which Plaintiff has submitted applications and/or been licensed or received certifications and institutions of higher education attended by Plaintiff and institutions of higher education offering masters degree programs in healthcare compliance.

23. Any other as yet unidentified employees or former employees who are determined to have relevant knowledge of the matters alleged in Plaintiff's Amended Complaint and/or Defendant's Counterclaims.

24. All individuals or categories of individuals identified by any party to this action in interrogatory answers, disclosure statements, identified in lists of witnesses and exhibits or otherwise identified by any party during the course of this litigation.

25. All witnesses necessary to authenticate documents.

26. Any as yet unidentified expert witness to be designated in accordance with established case management deadline or date otherwise established by the Court.

27. All witnesses identified during ongoing investigation and discovery in this action; and,

28. All witnesses necessary for impeachment or rebuttal purposes.

As this case is in its preliminary stages and discovery and investigation is ongoing, Defendant reserves the right to modify, amend, or supplement its witness list.

## PRELIMINARY EXHIBIT LIST

1. Documents contained in Plaintiff's personnel file and/or otherwise maintained by Defendant that pertain to Plaintiff's employment and termination of employment, including but not limited to applications, interview notes, curriculum vitaes, background searches, applications and curriculum vitaes submitted by Plaintiff to The Health and Hospital Corporation, research into Plaintiff's representation on applications and curriculum vitaes submitted to Eskenazi Health and/or

The Health and Hospital Corporation, and documentation regarding Plaintiff's performance and discipline;

2. Any policies and procedures and/or training and orientation materials relevant to Plaintiff's employment with Eskenazi Health, including but not limited to employee orientation materials and handbooks, privacy and confidentiality policies, PRIDE values, rules of conduct, and policies pertaining to accurate records, termination, discipline, and non-retaliation;

3. Plaintiff's education records;

4. Any and all documents, including applications, codes of conduct, curriculum vitaes, and employment history submitted to any certification or credentialing authority by Plaintiff;

5. Any and all documents pertaining to Plaintiff's representations of her job, title, and performance at Eskenazi Health, including but not limited to social media;

6. Any and all documents pertaining to Plaintiff's representations of her education, job duties, and employment for those employers and educational institutions identified in the application and curriculum vitaes submitted by Plaintiff to Eskenazi Health and The Health and Hospital Corporation of Marion County, including but not limited to social media;

7. Any wage, payroll, compensation and/or benefits information or documentation relevant to Plaintiff's employment;

8. Any and all documents relating to Plaintiff's attempts, if any, to mitigate damages;

9. Plaintiff's income tax records;

10. Plaintiff's medical records;

11. Plaintiff's unemployment records;

12. Any and all documents introduced in any deposition taken by the parties in this case;

13. Plaintiff's employment-related records from previous employers identified in her application with Eskenazi Health and/or The Health and Hospital Corporation of Marion County,

including past allegations and settlements of charges of discrimination or retaliation or other alleged wrongful conduct by employers filed by Plaintiff with the Equal Employment Opportunity Commission;

14. Any and all documents of offers for employment plaintiff received from IU Health or Simon Cancer Center;

15. Any and all documents Plaintiff sent to any private email accounts or other non-Eskenazi Health email accounts from her Eskenazi Health email account while employed at Eskenazi Health;

16. Any as yet undetermined documents that reference or pertain to Plaintiff's allegations of unlawful conduct or the Defendant's legitimate business reasons for its actions with regard to Plaintiff's employment;

17. Any and all relevant documents pertaining to Plaintiff's claims alleged in her Amended Complaint and/or Defendant's Answer and Counterclaim;

18. Any and all relevant documents produced by either party in this matter;

19. Any and all documents identified by Plaintiff in her initial disclosures, her preliminary exhibit list, pleadings, discovery responses, or otherwise prior to trial;

20. Any and all documents identified by Defendant in its initial disclosures, discovery responses, pleadings, or otherwise prior to trial;

21. Any and all relevant documents obtained through third party discovery in this matter;

22. Discipline and termination history of other Eskenazi Health employees for violations of employment-related policies;

23. All documents necessary for rebuttal or impeachment purposes; and

24. All documents identified by any party at any time prior to trial.

As this case is in its preliminary stages and discovery and investigation is ongoing, Defendant reserves the right to modify, amend, or supplement its exhibit list. Moreover, this list does not include exhibits to be used for impeachment or rebuttal purposes.

        Respectfully submitted,

*s/ John R. Maley*
John R. Maley (Atty. #14300-89)
Tabitha K. Meier (Atty. #28349-33)
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana 46204
Telephone:   317-236-1313
Facsimile:   317-231-7433
Email:   jmaley@btlaw.com
        tmeier@btlaw.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of March, 2017, a copy of the foregoing was served electronically on Plaintiff's counsel via email as follows:

>John H. Haskin
>Bradley L. Wilson
>Samuel M. Adams
>JOHN H. HASKIN & ASSOCIATES
>255 North Alabama Street, 2nd Floor
>Indianapolis, IN  46204
>jhaskin@jhaskinlaw.com
>bwilson@jhaskinlaw.com
>sadams@jhaskinlaw.com

>*s/ John R. Maley*
>John R. Maley